FILED
Clerk
District Court

FEB - 5 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone:	(670) 234-6891
Facsimile:	(670) 234-6893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MIZANUR RAHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP CORP.(dba Sky Tours),<br><br>Defendant. | CIVIL ACTION NO. 14-CV 14-0004<br><br>VERIFIED COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA) AND FAIR MINIMUM WAGE ACT OF 2007 |

COMES NOW, Mizanur Rahman, herein Plaintiff, by and through his undersigned counsel, and in support of his Verified Complaint against the defendant for violations of the Fair Labor Standards Act and the Fair Minimum Wage Act of 2007, to recover unpaid wages, unpaid overtime compensation, liquidated damages, attorneys fees, and costs under the provision of Section 16(b) of the Fair Labors Standards Act of 1938, as amended (29 USCS § 216(b), hereinafter referred to as the "Act" and the provision setting forth increases in the minimum wage per hour of work in the CNMI under the Fair Minimum Wage Act of 2007, and to hereby allege as follows:

## JURISDICTION

1.  This Court has jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims

1

under Section 216(b) of the Act (23 U.S.C. § 216(b)) and by the provisions of 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1337(a) (Proceedings arising under any act of Congress regulating commerce).

2.  The FLSA, at 29 U.S.C. §201 *(et seq.)*, (hereinafter "the Act"), applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant"), Article V, §502(a)(2).

3.  Venue is properly placed in this Court as at all times relevant Plaintiff was an employee of Defendant and was providing services for the Defendant in Saipan, in the CNMI.

## PARTIES

4.  Plaintiff, Mizanur Rahman (hereinafter "Rahman") is a citizen of People's Republic of Bangladesh, presently residing on Saipan, Commonwealth of the Northern Mariana Islands and was employed by the Defendant as a mechanic and tour guide.

5.  On information and belief, Defendant Phillip Corp. is a domestic corporation organized and operating under the laws of the Commonwealth of the Northern Mariana Islands and doing business as "Sky Tours" (hereinafter "Employer"), having its principal office and place of business on Saipan and at all times material hereto was the employer of Plaintiff as defined under Section 3(d) of the Act (29 U.S.C. § 203(d)) of the Act.

6.  Employer was the employer of Plaintiff as defined under 29 U.S.C. §203 of the Fair Labor Standards Act during the period from March 1, 2011 through approximately August 12, 2013. Employer employed Plaintiff as a mechanic and tour guide in its business conducted under its dba "Sky Tours", a business engaged in the business of offering and operating optional tours to tourists visiting the island of Saipan.

7. At all times mentioned herein, Employer was engaged in the business of operating a tourist business and was conducting business in interstate commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a). On information and belief, Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §203(s) whose gross volume of sales is not less than $500,000.00 per annum.

8. In performing his duties as an employee as described herein, Plaintiff was engaged in interstate commerce in that Employer's businesses involved interstate commerce within the meaning of §3(b), 3(i), 3(j), 6(a) and 7(a) of the Act (29 U.S.C. §§203(b), 203(i), 203(j), 206(a) and 207(a), in that Plaintiff was acting as a tour guide to foreign tourists, principally Korean tourists, arriving on Saipan and escorting them on tours on 4- wheel drive vehicles through various trails on the island of Saipan. In directly conducting tours for foreign tourists, Plaintiff was directly involved in interstate commerce. Additionally, in acting as a mechanic for Defendant, Plaintiff was often tasked with purchasing equipment and parts outside of the island of Saipan, having them shipped to Saipan, and installing those parts in this jurisdiction. In performing such tasks, Plaintiff was directly involved in interstate commerce.

## FACTUAL BACKGROUND

9. Plaintiff was classified as a Non-Resident Worker during the time when the CNMI still had control of its immigration. After he was issued an "umbrella permit" by the CNMI Government, Plaintiff came under the employ of the Defendant and began working for Defendant on March 1, 2011.

10. Since then, Plaintiff has no knowledge or information as to whether Defendant has filed

3

the necessary application with the United States Customs and Immigration Services as required under PL 110-22 for him to lawfully continue under Employer's employ. Employer has repeatedly advised Plaintiff, however, that his application is being processed.

11. During Plaintiff's employment with Employer, Plaintiff often worked eight (8) hours per day, seven (7) days a week with only an occasional day off. Employer never set a schedule or recorded Plaintiffs' time on the job or computed Plaintiff's pay based upon the hours actually worked.

12. During Plaintiff's employ with Employer, Employer has not provided Plaintiff with any payroll salary slip indicating the total of his hours worked and applicable wage rate up through and until August 13, 2013. Plaintiff received his salary in cash for every bi-weekly period. Plaintiff has no information as to whether the salary he received is net of the taxes or other necessary deductions due on his income. Nor does Plaintiff have any information as to whether Employer paid the necessary payroll taxes, which were due resulting from Plaintiff's employment.

13. Throughout his employment, Plaintiff has kept his own records of the time he reported for work and the time he left work. Plaintiff also recorded the amount he received in cash for his work throughout the period of his employ.

14. On information and belief, Plaintiff was hired as an hourly employee to be paid the mandated minimum hourly wage of $5.05 per hour at that time with time-and a half as overtime rate.

15. Instead of being paid an hourly wage and time and a half for overtime as required by law, Employer paid Plaintiff differing sums which did not appear to correlate to the hours actually worked.

16. During the entire period of his employment, Plaintiff performed his work and services for Employer diligently and without any complaint from Employer.

17. Throughout the entire period of employment and up to the present, Plaintiff has not been paid the minimum wages due for each forty (40) hours of works performed in any given week under the contract or as required by law.

18. Throughout the entire period of employment, Plaintiff has not been paid overtime pay for those hours he worked beyond forty (40) hours in each given work week as required by law under the Fair Labor Standards Act and the CNMI Minimum Wage and Hour Act.

## COUNT I: FOR UNPAID WAGES AND OVERTIME UNDER THE FLSA

19. Plaintiff hereby realleges and incorporates Paragraphs 1 through 19 of this Complaint as if more fully set forth herein.

20. Employer was the employer of the Plaintiff as defined under 29 U.S.C. §203 of the Fair Labor Standards Act.

21. Employer was required to pay the Plaintiffs an amount equal to one and one-half (1-1/2) of the base rate of pay for each hour worked in excess of forty (40) hours per week.

22. Employer failed to maintain and keep or provide adequate records of the hours worked in each workday and each workweek and the basis on which wages were paid.

23. Employer failed to pay the minimum wage of $5.05 per hour of regular work for the applicable period from March 1, 2011 to September 29, 2012 and the minimum of $5.55 per hour of regular wok from the applicable period from September 30, 2012 up to August 8, 2013 in violation of the Fair Minimum Wage Act of 2007 as made applicable in the CNMI by Public Law 110-28.

5

24. Employer was well aware of his obligation to pay minimum wage and overtime pay to plaintiff. Employer willfully and intentionally failed to pay overtime premiums for each hour worked in excess of forty (40) hours in violation of the Fair Labor Standards Act.

25. Throughout the entire period of employment and up until the time he left the employ of Employer, and up to and until August 11, 2013 Plaintiff should have been paid a gross total of approximately Forty Thousand One Hundred Twenty One Dollars and 43/100 ($40,121.43).

26. Throughout the entire period of employment and up to and until August 11, 2013, Plaintiff was paid a total of only approximately Twenty Two Thousand and Seven Hundred Forty Four Dollars and 00/100 ($22,744.00).

27. Plaintiff is entitled to judgment for all unpaid wages and overtime hours worked from the inception of his employment with Employer up to and until he left defendant's employ in the amount of Seventeen Thousand Three Hundred Seventy Seven Dollars and 43/100 ($17,377.43) pursuant to the Fair Minimum Wage Act of 2007 and the Fair Labor Standards Act.

28. Employer's failure to pay minimum wage and overtime pay as was required by law was not in good faith, and was willful, entitling the Plaintiff to an equal amount in liquidated damages.

<u>COUNT II: FOR UNPAID WAGES AND OVERTIME UNDER THE CNMI MINIMUM WAGE AND HOUR ACT</u>

29. Plaintiff hereby realleges and incorporates Paragraphs 1 through 28 of this Complaint as if more fully set forth herein.

30. Employer was the employer of the Plaintiff as defined under 4 CMC §9212(e) and (f) of the CNMI Minimum Wage and Hour Act.

31. Under the CNMI Act, Employer was required to pay the Plaintiffs an amount equal to

one and one-half (1-1/2) of the base rate of pay for each hour worked in excess of forty (40) hours per week.

32. Employer failed to maintain and keep or provide adequate records of the hours worked in each workday and each workweek and the basis on which wages were paid.

33. Employer failed to pay the minimum wage of $5.05 per hour of regular work for the applicable period from March 1, 2011 to September 29, 2012 and the minimum of $5.55 per hour of regular work from the applicable period from September 30, 2012 up to August 8, 2013 in violation of the Fair Minimum Wage Act of 2007 as made applicable in the CNMI by Public Law 110-28.

34. Employer was well aware of his obligation to pay minimum wage and overtime pay to plaintiff. Employer willfully and intentionally failed to pay overtime premiums for each hour worked in excess of forty (40) hours in violation of the CNMI Act.

35. Throughout the entire period of employment and up until the time he left the employ of Employer, and up to and until August 11, 2013, Plaintiff should have been paid a gross total of approximately Forty Thousand One Hundred Twenty One Dollars and 43/100 ($40,121.43).

36. Throughout the entire period of employment and up to and until August 11, 2013, Plaintiff was paid a total of only approximately Twenty Two Thousand and Seven Hundred Forty Four Dollars and 00/100 ($22,744.00).

37. Plaintiff is entitled to judgment for all unpaid wages and overtime hours worked for at least one year prior to the filing of this complaint, as a result of the Defendant's willful violation of the CNMI Act.

38. Employer's failure to pay minimum wage and overtime pay as was required by law was not in good faith, and was willful, entitling the Plaintiff to an equal amount in liquidated damages.

## COUNT III: DAMAGES FOR RETALIATION/CONSTRUCTIVE TERMINATION UNDER THE FLSA

39. Plaintiff hereby realleges and incorporates Paragraphs 1 through 38 of this Complaint as if more fully set forth herein.

40. As a result of Defendants failure to properly pay minimum wage and overtime as set forth herein, Plaintiff sought the assistance of the U.S. Department of Labor to collect sums rightfully due.

41. On information and belief, the Department of Labor contacted Defendant to obtain information related to Plaintiff's complaint.

42. Immediately thereafter, Defendant made material changes to Plaintiffs's working conditions, such as terminating transportation previously provided to and from work and providing him with a free lunch while on the job.

43. Plaintiff was further subjected to unreasonable harassment and demands by his immediate supervisor.

44. As a result of the changes imposed on the Plaintiff's condition of employment, Plaintiff left the Defendant's employ as the actions of the defendant were designed to force the Plaintiff to resign and he was therefore constructively terminated.

45. As a result of the constructive termination of Plaintiff's employment in retaliation for his filing a claim with the U.S. Department of Labor, Plaintiff is entitled to collect all unpaid wages which would otherwise have rightfully been due from the date of his constructive discharge and until he obtains other gainful employment.

8

## COUNT IV: FOR LIQUIDATED DAMAGES AND ATTORNEY'S FEES

46. Plaintiff hereby realleges and incorporates paragraphs 1 through 45 of this Complaint as if more fully set forth herein.

47. For the acts complained of above, Plaintiff is entitled to judgment in an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) or under the local law at 4 CMC § 9243;

48. For the acts complained of above, Plaintiff is entitled for an award for all costs and attorneys fees pursuant to 29 U.S.C. §216(b) or under the local law at 8 CMC §9244.

WHEREFORE, Plaintiff prays for judgment against the Defendant-Employer as follows:

1. For unpaid wages and overtime compensation accrued as of August 11, 2013 in the amount of SEVENTEEN THOUSAND THREE HUNDRED SEVENTY SEVEN AND 43/100 ($17,377.43) for all unpaid wages due under the contract and pursuant to the Fair Minimum Wage Act of 2007 and for overtime pay under the Fair Labor Standards Act (FLSA) as alleged under Count I;

2. Alternatively, for unpaid wages and overtime compensation accrued for a period of one year prior to the filing of this complain for all unpaid wages due under the CNMI Minimum Wage and Hour Act and pursuant to the Fair Minimum Wage Act of 2007;

3. For unpaid wages and overtime compensation which would have otherwise been due but for the Plaintiff's constructive termination from the date of his discharge until such time as he obtains other gainful employment.

4. For judgment in an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and 4 CMC § 9243;

5. For an award for all costs and attorneys fees pursuant to 29 U.S.C. §216(b) and 8 CMC §9244; and

6. For such other and further legal and equitable relief as the Court deems just and proper.

Dated this ____4th____ day of February, 2014.

_____
STEPHEN J. NUTTING
Attorney for Plaintiff