STEPHEN J. NUTTING, ESQ.
Law Office of Stephen J. Nutting
Post Office Box 5093
Saipan, MP 96950
Telephone: (670) 234-6891
Facsimile: (670) 234-9893

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MIZANUR RAHMAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PHILLIP CORP.(dba Sky Tours),<br><br>　　　　Defendant. | CIVIL ACTION NO. 14-0004<br><br>**NOTICE OF DISMISSAL**<br>PURSUANT TO FED.R.CIV.P.<br>RULE 41(a)(1)(A)(i) |

COMES NOW, Mizanur Rahman, Plaintiff in the above entitled action by and through his attorney, Stephen J. Nutting to hereby provide notice to the Court of his intent to dismiss the above enumerated cause with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). The parties have reached a settlement of the dispute, precluding the need for the defendant to answer or otherwise appear in this action. A copy of the agreed settlement is attached hereto and incorporated herein. The Settlement Agreement provides that the action filed hereunder be dismissed with prejudice, but have

1

agreed to the Court's continuing jurisdiction as necessary to enforce the settlement agreement reached between the parties.

Dated __ 2/21/2014 __                                             _____/s/_____
                                                                  STEPHEN J. NUTTING
                                                                  Attorney for Plaintiff

2

SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this 21st day of February, 2014, by MIZANUR RAHMAN ("Plaintiff") and PHILLIPS CORPORATION, INC.(dba Sky Tours ("Defendant") by and through their undersigned counsel.

WITNESSETH

WHEREAS, Plaintiff filed that certain Civil Action known as MIZANUR RAHMAN vs. PHILLIP CORP.(dba Sky Tours) in the United States District Court for the Northern Mariana Islands under Civil Action No. 14-0004 which arose out of an employment relationship between Plaintiff and Defendant (hereinafter the "Lawsuit");

WHEREAS, Plaintiff and Defendant desire to resolve the Lawsuit without incurring further litigation cost and expense;

NOW THEREFORE, in consideration of the mutual promises and obligations contained herein the parties hereto agree as follows:

1. Defendant warrants, covenants, promises and agrees to pay to Plaintiff the total sum of Ten Thousand Dollars ($10,000.00) ("Settlement Amount") to be paid as follows:

    a. Six Thousand Dollars and 00/100 ($6,000.00) to be paid on or before February 21, 2014 at the Law Offices of Stephen J. Nutting on the 6th Floor Suite 609 Marianas Business Plaza.
    b. Five Hundred Dollars and 00/100 ($500.00) per month for eight (8)

Page 1 of 5

consecutive months beginning April 1, 2014 and ending November 1, 2014 with each payment to be made on or before the first Monday of each calendar month.

2. Payment shall be made by cash or by certified or cashiers check drawn on a financial institution located in the CNMI and made payable to the Law Office of Stephen J. Nutting, and shall be delivered to the Law Office on or before the due date.

3. Each party hereto shall be responsible for paying its own attorneys fees and costs associated with the Lawsuit.

4. Plaintiff and Defendant each agree that upon execution of this Agreement, the parties shall execute a stipulation dismissing the Lawsuit with prejudice. A copy of the Stipulation and Order for Dismissal is attached hereto as Exhibit "A".

5. Plaintiff and Defendant acknowledge and agree that they each may have claims against the other which are unknown at the present time. Plaintiff and Defendant acknowledge, however, that this Agreement is intended to and does mutually release and discharge Plaintiff and Defendant and all of Defendant's officer's agents and employees from any and all claims they have or may have against each other, whether known or unknown, arising out of the employment relationship between Plaintiff and Defendant.

6. Except as otherwise provided herein, Plaintiff and Defendant acknowledge and agree that this Agreement is meant to resolve any and all claims, whether known or unknown that Plaintiff and Defendant have against each other arising out of

Plaintiff's employment relationship with Defendant without further litigation.

7. Plaintiff and Defendant agree that this Agreement is not an admission of liability of any kind whatsoever by Defendant.

8. The occurrence of any of the following acts shall automatically constitute a breach and default of this Agreement:

   a. Defendant's failure to pay any scheduled payment of the settlement amount within ten (10) days after the due date of said payment.
   b. Plaintiff's failure to execute a stipulation dismissing the Lawsuit with prejudice.
   c. The failure of any party to perform any obligation or duty required by this Agreement.

9. <u>Acceleration Clause. Liquidated Damages.</u> In the event the Defendant shall fail to make any payment within ten (10) days of the due date, all such sums presently outstanding and remaining due of the settlement amount shall be accelerated and become immediately due and payable. Plaintiff shall be entitled to judgment in the amount then outstanding plus an equal amount as liquidated damages for the Defendant's non-payment. Plaintiff and the Defendant stipulate that the United States District Court shall retain jurisdiction over this settlement agreement and any proceedings to enforce same.

10. The parties hereto agree that except as provided in Paragraphs 1 and 9 of this agreement, this agreement forever releases and discharges any and all claims Plaintiff

and Defendant have or may have against each other arising out of the Lawsuit, the employment relationship between Plaintiff and Defendant, and any other claims they have or may have against each other which accrued or occurred at any time prior to the date of execution of this Agreement.

11. Plaintiff further warrants, covenants, and agrees that except as otherwise provided herein that this settlement forever releases and discharges any and all claims that Plaintiff may have, whether known or unknown against any and all officers, directors, agents, servants, employees and representatives of Defendant and all affiliates or other persons, firms, corporations, associations, or partnership, having any interest in or in any way connected with Defendant arising out of the Lawsuit and the employment relationship between Plaintiff and Defendant.

12. If any party institutes legal proceedings to resolve any dispute arising out of this Agreement or to enforce the terms of this Agreement, then the prevailing party shall be entitled to recover the cost of suit including reasonable attorney's fees.

13. The parties further acknowledge, covenant and agree that:

a. Plaintiff and Defendant hereby expressly warrant, covenant and acknowledge that they have read this Agreement and that the meaning of each provision of this Agreement has been explained to them by an attorney of their choice and that they fully understand and appreciate the terms and conditions of this Agreement and that they execute this Agreement on the basis of their own free will and accord.

b. Two originals of this Agreement, which consists of 5 pages and an Exhibit "A", shall be executed by the parties.

c.  This Agreement is and shall be binding upon and shall inure to the benefit of the respective heirs, executors, administrators, representatives, assigns and successors in interest, and guardians of the parties to this Agreement.

d.  This Agreement constitutes the entire understanding between the parties and any prior or contemporaneous agreement, promise, or representation, whether oral or written, shall be void and null and of no effect.

e.  This Agreement shall not be modified except by a writing signed by the parties hereto.

IN WITNESS WHEREOF the parties acknowledge their assent thereto by their signatures below.

_____
MIZANUR RAHMAN
Plaintiff

_____
STEPHEN J. NUTTING
Attorney for Plaintiff

_____
DO YEON KIM, PRESIDENT
PHILLIP CORP. (dba Sky Tours
Defendant

_____
S. JOSHUA BERGER
Attorney for Defendant